IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAMON LEE DAMRON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 24-313-RAW-GLJ |
| CHOCTAW NATION JUDICIAL and KARA BACON, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff is a pro se prisoner who is incarcerated at the LeFlore County Detention Center in Pouteau, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his conviction in tribal court. (Dkt. 1). The defendants are the "Choctaw Nation Judicial" and Kara Bacon, Choctaw Nation Tribal Prosecutor. *Id*. at 3.

While Plaintiff's complaint is unclear, he apparently is alleging his criminal prosecution in tribal court violated the prohibition against double jeopardy. (Dkt. 1 at 4). He asserts the prosecution "was a *McGirt*[1] case." *Id.* He also claims that under the "Indian Civil Relief Act," a non-violent charge cannot result in a sentence of more than 360 days, and "all other is consecutive and suspended sentence." *Id*. Plaintiff is further arguing that his conviction was barred by the statute of limitations and that his charge should have been a misdemeanor. *Id*. at 5. He does not set forth the nature of his conviction or sentence. Plaintiff expressly states he is not seeking monetary damages. He, instead, is "looking for accountability" about the way tribal inmates are held in county jails for misdemeanors. *Id*. at 6.

Federal courts must engage in a preliminary screening of cases in which prisoners seek

---

[1] *McGirt v. Oklahoma*, 591 U.S. 894 (July 9, 2020), held that the Creek Reservation in Oklahoma had not been disestablished by Congress and that Mr. McGirt should have been prosecuted in federal court under the Major Crimes Act. *See Sanders v. Pettigrew*, No. CIV 20-350-RAW-KEW, 2021 WL 3291792 (E.D. Okla. Aug. 2, 2021) (unpublished).

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court finds Plaintiff has improperly presented his claims in a civil rights complaint under to 42 U.S.C. § 1983. To challenge the validity of a tribal-court conviction or sentence, he should present his claims in a habeas corpus petition pursuant to 25 U.S.C. § 1303 ("The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."). Federal courts, however, mandate that two prerequisites be satisfied before they will hear a habeas petition filed under Indian Civil Rights Act of 1968 (ICRA): the petitioner must be in custody, and the petitioner must first exhaust tribal remedies. 25 U.S.C.A. § 1303. *See Gilliland v. Barteaux*, 670 F. Supp. 1254, 1258 (N.D. Okla. 2023).

**ACCORDINGLY,** this action is dismissed without prejudice for Plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(b). Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 5) is denied as moot.

**IT IS SO ORDERED** this 7th day of November 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma